UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIMMY BOSCO, | CIVIL ACTION NO. |
| Plaintiff, | |
| VS. | |
| THE CITY OF REVERE, JAMES ROSE, LOUIS LAROSA, MICHAEL MULLEN, KEVIN COLANNINO, JEFFREY LANGONE, BRIAN CHAPMAN, MICHAEL DELLORUSSO, THOMAS MALONE, AMY O'HARA, MARIA LAVITA | |
| Defendants, | |

## COMPLAINT

### Introduction

1. This is an action for damages by Jimmy Bosco, who while at his mother's residence in Revere, Massachusetts, was assaulted and battered by Revere police officers James Rose, Louis LaRosa, Michael Mullen, Kevin Colannino, Jeffrey Langone, Brian Chapman, Michael DelloRusso, Thomas Malone, Amy O'Hara and Maria LaVita. As a result, plaintiff suffered severe physical and psychic injuries to his body and mind. Plaintiff seeks relief for violations of 42 U.S.C. section 1983, M.G.L. c. 12, section 11I, M.G.L. c. 258, section 1 et. seq., and under common law.

### Parties

1

2. Plaintiff Jimmy Bosco is a resident of Peabody, Massachusetts.

3. Defendant the city of Revere is a city located in Suffolk County, Massachusetts.

4. Defendant James Rose was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

5. Defendant Louis LaRosa was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

6. Defendant Michael Mullen was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

7. Defendant Kevin Colannino was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

8. Defendant Jeffrey Langone was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

9. Defendant Brian Chapman was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

10. Defendant Michael DelloRusso was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

11. Defendant Thomas Malone was at all relevant times employed as a police officer for the city of Revere and was acting within his scope of employment.

12. Defendant Amy O'Hara was at all relevant times employed as a police officer for the city of Revere and was acting within her scope of employment.

13. Defendant Maria LaVita was at all relevant times employed as a police officer for the city of Revere and was acting within her scope of employment.

14. At all relevant times, defendants were acting under the color of law, to wit, under the color of statues, ordinances, regulations, customs or usages of the United States of America and the Commonwealth of Massachusetts.

15. Plaintiff timely presented written notice of his claim and demand for relief.

Facts

16. On August 8, 2008, plaintiff was staying at his mother's residence, located at 210 Constitution Avenue in Revere, Massachusetts.

17. While within the residence at 210 Constitution Avenue Revere, Massachusetts plaintiff was assaulted and battered repeatedly by defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita; said abuse included but was not limited to punching, kicking, pulling of a gun, smashing batons over plaintiff's entire body, mace, handcuffing, and other unlawful and offensive touching of the plaintiff.

18. Plaintiff sustained serious, permanent injuries as a result of the attack by defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita, including, but not limited to severe head, eye, back and leg injuries, scarring, and general soreness throughout his body and mind.

**COUNT 1**

42 U.S.C. section 1983 – Civil Rights Violations – Defendants City of Revere, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 of the Complaint as if the same were fully set forth herein.

20. Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita conspired to violate plaintiff's civil rights.

21. By physically beating and abusing plaintiff, and by their subsequent failure to procure immediate and adequate medical attention for plaintiff, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita deprived plaintiff of clearly established and well-settled rights established pursuant to the 8th and 14th Amendments of the United States Constitution including but not limited to:
    a. Freedom from intimidation and humiliation;
    b. Right to necessary medical care;
    c. Freedom from summary punishment and unauthorized punishment;
    d. Right to substantive due process; and
    e. Freedom from cruel and unusual punishment.

22. By their actions, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita subjected plaintiff to these deprivations knowingly, intentionally, willfully, purposefully and maliciously. Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita acted with deliberate indifference to, and reckless disregard for, the constitutional rights of plaintiff.

23. The policies and customs of the city of Revere of allowing their employees to engage in unconstitutional behavior, and of failing to properly hire, monitor, train, supervise, and otherwise control the conduct of their employees amount to deliberate indifference to the constitutional rights of plaintiff.

24. As a result of the acts and omissions of all defendants, plaintiff's rights were violated, and he sustained severe and permanent physical and mental injuries, and pain and suffering.

### COUNT II

<u>M.G.L. c. 12, section 11I – Civil Rights Violations – Defendants City of Revere, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita</u>

25. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24 of the Complaint as if the same were fully set forth herein.

26. By physically beating and abusing plaintiff, and by their subsequent failure to procure immediate and adequate medical attention for plaintiff, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita by threats, intimidation and coercion, interfered with, and/or attempted to interfere with plaintiff's clearly established and well-settled rights established pursuant to the 8th and 14th Amendments of the United States Constitution, and the rights of plaintiff under Articles 1, 10, 12 and 26 of the Massachusetts Declaration of Rights including but not limited to:

    a. Freedom from intimidation and humiliation;
    b. Right to necessary medical care;
    c. Freedom from summary punishment and unauthorized punishment;
    d. Right to substantive due process; and
    e. Freedom from cruel and unusual punishment.

27. By their actions, Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita subjected plaintiff to these deprivations

5

knowingly, intentionally, willfully, purposefully and maliciously. Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita acted with deliberate indifference to, and reckless disregard for, the constitutional rights of plaintiff.

28. The policies and customs of the city of Revere of allowing their employees to engage in unconstitutional behavior, and of failing to properly hire, monitor, train, supervise, and otherwise control the conduct of their employees, interfered with, and/or attempted to interfere with, plaintiff's constitutional rights by threats, intimidation and coercion in violation of M.G.L. c. 12, section 11I.

29. As a result of the acts and omissions of all defendants, plaintiff's rights were violated, and he sustained severe and permanent physical and mental injuries, and pain and suffering.

## COUNT III
### M.G.L. c. 258 – Negligence – Defendant City of Revere

30. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if the same were fully set forth herein.

31. Plaintiff properly performed all conditions precedent to maintaining a lawsuit under M.G.L. c. 258.

32. Defendant city of Revere owed a duty to plaintiff to hire, train and supervise their employees in a manner such that the employees will not violate plaintiff's civil or common law rights.

33. Defendant city of Revere breached that duty.

34. Defendant city of Revere, through their employees Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita negligently inflicted emotional distress on plaintiff.

35. As a result of the acts and omissions of defendant city of Revere, plaintiff sustained severe physical, emotional pain and suffering, and has sustained permanent physical and mental injuries.

## COUNT IV

### Assault and Battery – Defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita

36. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35 of the Complaint as if the same were fully set forth herein.

37. Defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita assaulted and battered plaintiff.

38. As a result, plaintiff sustained severe and permanent physical and mental injuries, and pain and suffering.

## COUNT V

### Intentional Infliction of Emotional Distress – Defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 of the Complaint as if the same were fully set forth herein.

40. Defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita intentionally inflicted emotional distress on plaintiff.

41. The actions of defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita were extreme, outrageous and beyond all bounds of decency that should be tolerated in a civilized community.

42. As a result of the acts and omissions of defendants Rose, LaRosa, Mullen, Colannino, Langone, Chapman, DelloRusso, Malone, O'Hara and LaVita, plaintiff has sustained severe physical, emotional and mental pain and suffering, and has sustained permanent physical and mental injuries.

**WHEREFORE**, plaintiff Jimmy Bosco prays that judgment enter for him against defendants, and that he be awarded compensatory damages, reasonable counsel fees, interest, costs, and all other relief that is just.

**PLAINTIFF DEMANDS A TRIAL BY JURY TO THE FULLEST EXTENT OF THE LAW**

JIMMY BOSCO

By his attorney,

Dated: August 2, 2011

Sean A. Doherty
BBO# 568103
Law Offices of Sean A. Doherty
741 Broadway
Somerville, MA 02144
(617) 625-2488