UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JIMMY BOSCO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:11-11388-JLT |
| | * | |
| JAMES ROSE, et. al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

February 29, 2012

TAURO, J.

After a hearing on February 28, 2012, this court hereby orders that Defendant City of Revere's Motion to Dismiss [#4] is ALLOWED.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] A complaint that merely offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[2]

In order to state a claim for municipal liability under § 1983, a Plaintiff must make a two part showing. He must demonstrate, "both the existence of a policy or custom and a causal link between that policy and the constitutional harm."[3] As this court has previously held:

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[2] Iqbal, 129 S. Ct. at 149 (quoting Twombly, 550 U.S. at 555).

[3] Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989) (citing City of Canton, Ohio v. Harris, 489 U.S. 373, 385 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)).

> To survive a Rule 12(b)(6) motion to dismiss, a § 1983 claim against a municipality for failure to train police officers must assert a 'sufficient basis for concluding that [city] policymakers reasonably should have anticipated that a new police [officer] would need specialized instruction' in the activity. The complaint must allege that the City: (1) knew when it hired the officer that the risk of excessive force was obvious; or (2) later learned of the risk but took no steps to provide adequate training."[4]

Here, the Complaint fails to allege facts as to any City policy or custom, official or unofficial, that the individual officer Defendants were acting under. It merely recites the elements of the cause of action, which, as the Supreme Court made clear in Ashcroft v. Iqbal, is insufficient to state a claim under Fed. R. Civ. P. 8.[5] Plaintiff's municipal liability claim in Count I of the Complaint, therefore, cannot be sustained.

For similar reasons, Plaintiff's negligence claim in Count III of the Complaint also fails. Plaintiff asserts in paragraphs thirty-two and thirty-three of the Complaint that the City breached its duty to "hire, train and supervise [its] employees in a manner such that employees will not violate plaintiff's civil or common law rights."[6] Plaintiff does not plead any facts to support this allegation, and therefore fails to state a plausible claim for relief, as is required under the ruling in

---

[4] Miller v. City of Boston, 586 F. Supp. 2d 5, 8 (D. Mass. 2008) (quoting Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998); citing Chaabouni v. City of Boston, 133 F. Supp. 2d 93, 99 (D. Mass. 2001)).

[5] Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim under Fed. R. Civ. P. 8].").

[6] Compl. [#1] ¶¶ 32-33.

Ashcroft v. Iqbal.[7]

Finally, Plaintiff's claim against the City in Count II of the Complaint for violation of the Massachusetts Civil Rights Act also fails. It is clear that, under Massachusetts law, "a municipality is not a 'person' covered by the Massachusetts Civil Rights Act (MCRA), G.L. c. 12, §§ 11H, 11I."[8] Count II, as against the City, therefore, must also be dismissed.

Defendant City of Revere's Motion to Dismiss [#4] is hereby ALLOWED. The case will proceed against all other Defendants.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[7] Iqbal, 129 S. Ct. at 1949-50 (citing Twombly, 550 U.S. at 555 (2007) (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted))).

[8] Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-92 (2001); see also Carroll v. City of Quincy, 441 F. Supp. 2d 215, 226 (D. Mass. 2006).